IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES McCONICO, JR., #117 395, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:19-CV-195-WHA |
| | ) [WO] |
| WARDEN GWENDOLYN BABERS, *et al.*, | ) |
| | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on an application for habeas corpus relief filed by James McConico, Jr., a state inmate incarcerated at the Bullock Correctional Facility in Union Springs, Alabama. Petitioner brings this habeas application under 28 U.S.C. § 2241.  Upon consideration of the petition and amendment thereto (Docs. 1, 3), the court concludes the petition is due to be summarily dismissed. *See* Rule 4, *Rules Governing Section 2254 Cases in the United States District Courts*.

**I. DISCUSSION**

Petitioner  states he is serving a life sentence for murder and trafficking in cocaine. He has served over twenty years on this sentence. He brings this § 2241 petition challenging his placement on administrative segregation based on what he claims is an unfounded criminal charge of threats. According to Petitioner, an agent with the Intelligence and Investigation Unit of the Alabama Department of Corrections caused him to be entrapped without probable cause and then "arrest[ed]/detain[ed]" him on March 12, 2019, based on false accusations made against him by a former girlfriend.  Petitioner contends Respondents have an obligation to promptly afford him his

day in court rather than placing him under arrest and in detention in violation of his right to due process. Docs. 1, 3.

The claims raised by Petitioner are not cognizable in this habeas petition. The central purpose of the writ of habeas corpus is to provide a remedy to prisoners challenging the fact or duration of their physical confinement and are seeking immediate release or an earlier release. *See Preiser v. Rodriguez*, 411 U.S. 475, 484–87 (1973); *Edwards v. Balisok*, 520 U.S. 641 (1997). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and [ ] the traditional function of the writ is to secure release from illegal custody." *Preiser*, 411 U.S. at 484. Federal habeas corpus relief is not available to remedy alleged constitutional violations which would not lead to either: (1) an automatic shortening of an individual's sentence, or (2) the individual's immediate release. *Id*; *see also Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) (if a favorable resolution of the action would not automatically entitle the prisoner to release, the proper vehicle is a civil rights action)  While a petitioner seeking habeas relief does not have to be physically confined to meet the "in custody" requirement, a petitioner must still satisfy the "in custody" requirement regarding the judgment or process of the state court he seeks to challenge as unconstitutional. *See Jones v. Cunningham*, 371 U.S. 236, 243 (1963) (petitioner released on parole); *Justices of Boston Municipal Court. v. Lydon,* 466 U.S. 294, 300–01 (1984) (petitioner released on his own recognizance with an obligation to appear subsequently for trial).

Here, Petitioner is not challenging the fact or duration of his confinement. Nor is he attacking the sentence of a state court under which he is in custody. *See* 28 U.S.C. § 2254(a). Rather, Petitioner is challenging his placement on administrative segregation resulting from an investigation of prison disciplinary charges pending against him or potential criminal charges.

2

Therefore, Petitioner's allegations are not consistent with a petition for a writ of habeas corpus. *See Muhammed v. Close*, 540 U.S. 749 (2004) (holding the favorable-termination requirement of *Heck v. Humphrey*, 512 U.S. 477 (1994) does not apply categorically to all suits challenging disciplinary actions); *Fernquist v. Attorney General of Pennsylvania*, 2009 WL 890597, *1 (E.D. Penn. Mar. 30, 2009) (finding petitioner did not meet in custody requirement where he was incarcerated for a crime disconnected from the challenged arrest warrant and was "subject to no constraints on his liberty as a result of that warrant"); *Jones v. United States*, 2011 WL 3042023, at *2–3 (E.D. Ark. June 17, 2011) (finding dismissal of a habeas petition appropriate because petitioner was not taken into custody and the challenged outstanding arrest warrant fell "far short of the kind of 'severe' and 'immediate' restraint upon liberty sufficient to invoke and maintain jurisdiction under the federal habeas statutes"), *adopted*, 2011 WL 3040908 (E.D. Ark. July 25, 2011);.

     A determination regarding the action challenged by Petitioner would not affect the fact of or duration of his sentence. Rather, the matter Petitioner challenges is only relevant at this time to the conditions of that sentence. The Supreme Court in *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (internal quotations and citations omitted), held that "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus. An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983. *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (internal quotations and citation omitted) (holding that where success in the action would not "necessarily spell [immediate or] speedier release" for the prisoner, the remedy is not within "the core of habeas corpus."); *see also Boyce v. Ashcroft*, 251 F.3d 911 (10th Cir. 2001) (section 2241 may be used to challenge underlying authority of entity to hold prisoner in custody, but may not be used to challenge prisoner's placement in a

particular facility or to attack conditions that result from such placement); *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir. 1979) ("[t]he rule then is that any challenge to the Fact or Duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to Conditions of confinement" may proceed as civil rights actions).[1] In light of the foregoing, this habeas petition is due to be summarily dismissed.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Petitioner's application for federal habeas corpus relief under 28 U.S.C. § 2241 be DISMISSED without prejudice.

It is

ORDERED that **on or before April 11, 2019**, Petitioner may file an objection to the Recommendation. Petitioner must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir.

---

[1] In *Bonner v. Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

R. 3-1; *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    Done this 28th day of March, 2019.

                               /s/Charles S. Coody
                          CHARLES S. COODY
                          UNITED STATES MAGISTRATE JUDGE