IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES McCONICO, JR., #117 395, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 2:19-CV-195-WHA |
| ) | [WO] |
| WARDEN GWENDOLYN BABERS, ) | |
| *et al*., ) | |
| ) | |
| Respondents. ) | |

**OPINION**

Petitioner, James McConico, Jr., a state inmate incarcerated at the Bullock Correctional Facility in Union Springs, Alabama, filed this application for habeas corpus under 28 U.S.C. § 2241 complaining of prison officials' decision to place him administrative segregation for what he claims are unfounded criminal charges of threats made against a former girlfriend. McConico claims the respondent prison officials have an obligation to promptly afford him his day in court rather than placing him under arrest and in detention in violation of his right to due process. *See* Docs. 1, 3.

On March 28, 2019, the Magistrate Judge issued a Recommendation recommending the Court summarily dismiss McConico's § 2241 petition without prejudice. Doc. 5. The Magistrate Judge considered McConico's § 2241 petition as asserting a challenge to the conditions of his confinement rather than a request for an earlier or immediate release from custody. *Id.* The Magistrate Judge, therefore, concluded that McConico's claims were not within the scope of habeas corpus relief but were appropriate for filing in a civil rights action. *Id.*

McConico has filed an Objection to the Recommendation of the Magistrate Judge in which he argues the Magistrate Judge's determination is contrary to established law and essentially argues he may assert his challenge to confinement on administrative segregation in the state facility under § 2241. Doc. 8. Under 28 U.S.C. § 636(b), upon receiving an objection to a Recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a *de novo* review of the Recommendation, McConico's Objection, and the Petition, the Court concludes the Recommendation of the Magistrate Judge should be adopted for the reasons set forth in the Recommendation and for the additional reasons set forth below.

The Magistrate Judge correctly concluded that McConico's challenges in his petition are not consistent with a petition for writ of habeas corpus and are appropriate for filing in a civil rights action under 42 U.S.C. § 1983. McConico complains about matters regarding his assignment to administrative detention pending an investigation and questioning by prison officials regarding threats made against a free world individual. Claims that concern conditions of a prisoner's confinement do not relate to the legality of the inmate's confinement nor do they challenge the fact or duration of confinement. *See Preiser v. Rodriguez,* 411 U.S. 475, 484–87 (1973). "[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside [the] core [of habeas corpus] and may be brought pursuant to § 1983." *Nelson v. Campbell,* 541 U.S. 637, 643 (2004). McConico's claims in his petition are outside the scope of habeas relief and must be brought in a civil rights action. *See Wilkinson v. Dotson,* 544 U.S. 74, 82 (2005) (internal quotations and citation omitted) (Where success in the action would not "necessarily spell [immediate or] speedier release" for the prisoner, the remedy is not within "the core of habeas corpus."); *Hill v. McDonough*, 547 U.S. 573, 579

(2006) (internal quotations and citations omitted) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus. An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983."); *see also Boyce v. Ashcroft*, 251 F.3d 911 (10th Cir. 2001), *vacated on other grounds,* 268 F.3d 953 (10th Cir. 2001) ("[Section 2241] may not be used to challenge a prisoner's placement within a given jurisdictional entity, such as the federal prison system."). The Magistrate Judge, therefore, did not err in concluding that McConico's challenges asserted in his petition are not appropriate for filing under § 2241 but are appropriate for filing in a civil rights action under § 1983.

To the extent McConico seeks to expound on the challenge presented in his habeas application through arguments made in his objection in an effort to stave off dismissal of his petition, his additional arguments are unavailing. McConico maintains in his objection he is a pre-trial detainee in pre-trial Miranda custody, that the Investigations and Intelligence unit ("I & I") is the "police division" of the Alabama Department of Corrections, and that the State of Alabama has no adequate means to protect his Fifth, Sixth, and Fourteenth Amendment rights after arresting him and placing him in "pre-trial Miranda custody for interrogation." Citing *Mathis v. United States,* 391 U.S. 1 (1968), McConico contends a person placed in custody or otherwise deprived of his freedom by authorities in any significant way must be given *Miranda*[1] warnings before being questioned.[2] He requests protection under the Fifth, Sixth, and Fourteenth Amendments which he contends entitle him to notice of the charge, a right to counsel during "pre-trial Miranda

---

[1] *Miranda v. Arizona,* 384 U.S. 436 (1966).
[2] The Supreme Court in *Mathis* held that a *Miranda* warning is required whenever an incarcerated individual is isolated from the general prison population and questioned in a manner likely to lead to self-incrimination about conduct occurring outside of the prison or unrelated to the inmate's offense of incarceration, *Id.* 391 U.S. at 4. The court notes the prophylactic *Miranda* warnings are "not themselves rights protected by the Constitution but [are] instead measures to insure that the right against compulsory self-incrimination [is] protected." *Michigan v. Tucker*, 417 U.S. 433, 444 (1974). Thus, *Miranda* conditions <u>*the admissibility at trial*</u> of any custodial confession on warning a suspect of his rights.

3

custodial custody for interrogation" by the Intelligence and Investigative Division of the Alabama Department of Corrections, and Respondents' compliance with their obligation to bring him promptly to trial. Doc. 8.

According to McConico, an agent with the I & I Division arrested/detained him on March 12, 2019, at the Bullock Correctional Facility based on an unfounded criminal charge of threats because of allegedly false accusations made against him by a former girlfriend. *See* Docs. 1, 3. The court takes judicial notice of the online Alabama Trial Court System—alacourt.com--which fails to show that any criminal charges or indictments for threats were pending against McConico when he filed the instant § 2241 petition. *See Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014) ("We take judicial notice of [the state's] Online Judicial System.") (citing Fed. R. Evid. 201.). There is also no indication from the pleadings filed that the state is exercising ongoing control over McConico regarding the matters about which he complains.

For a state prisoner to be entitled to relief under § 2241, he must be "**in custody** in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added). Regarding this "in custody" requirement, the Eleventh Circuit Court of Appeals has held:

> The question of whether a person is "in custody" within the meaning of 28 U.S.C. § 2241(c)(3) is one of subject-matter jurisdiction...
>
> Federal courts have jurisdiction to entertain habeas corpus petitions only from persons who are "in custody" in violation of the Constitution or laws or treaties of the United States. We have construed this requirement very liberally, and it is by now well-settled that the use of habeas corpus is not restricted to situations in which the applicant is in actual, physical custody. Instead, petitioners need only show that they are subject to a significant restraint on their liberty that is not shared by the general public. For example, the Supreme Court has extended habeas review to petitioners released on parole, released on their own recognizance pending execution of a sentence, and free on bail.
>
> Even in light of this broad interpretation given to the phrase "in custody," the term still requires that the state exercise some control over the petitioner. [A]lthough the

word "custody" is elastic, all definitions of it incorporate some concept of ongoing control, restraint, or responsibility by the custodian.

Section 2241 also requires a close relationship between the state's custody and the alleged constitutional violation. Specifically, a person must be in custody under the conviction or sentence under attack at the time his petition is filed.

*Howard v. Warden*, 776 F.3d 772, 775–76 (11th Cir. 2015) (citations and quotations omitted).

Here, there is no direct relationship between McConico's claims and his current custody. McConico has alleged nothing which indicates he is "in custody" regarding the challenged conduct. *See e.g., Van Zant v. Fla. Parole Comm'n*, 104 F.3d 325, 328 (11th Cir.1997) (per curiam) (rejecting argument that petitioner was in custody where relationship between alleged constitutional violation and custody was too "speculative and remote"). And there is no allegation that the state is exercising ongoing control over McConico based on the matters about which he complains. *See Id.; Jones v. Cunningham,* 371 U.S. 236, 240–243 (1963); *see also Samirah v. O'Connell*, 335 F.3d 545, 549 (7th Cir. 2003) (finding "[a]lthough the word 'custody' is elastic, all definitions of it incorporate some concept of ongoing control, restraint, or responsibility by the custodian."). Because McConico's claims regarding his current "detention" on administrative segregation do not impact either the fact of or duration of his sentence, the conditions for which he seeks relief are not properly before the court in a petition for writ of habeas corpus. Rather, as the Magistrate Judge correctly concluded, the nature of McConico's challenges address conditions associated with his confinement, the appropriate remedy for which is a civil rights action under 42 U.S.C. § 1983.

An appropriate judgment will be entered.

Done, this 25th day of April 2019.

    /s/   W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE